UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY DUNGEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 1:05-CV-124 TS |
| vs. | ) |
| | ) |
| OATESS E. ARCHEY, *et al.* | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Anthony Dungey, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Criminal Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy

> Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks, and ellipsis omitted).

Mr. Dungey alleges that Sheriff Archey is negligent in doing his job to supervise his subordinates. Negligence does not state a claim in a § 1983 lawsuit and "the doctrine of respondeat superior cannot be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted). Therefore Sheriff Archey will be dismissed.

II.

Mr. Dungey alleges that Cpl. Bradley Moore has responded to grievances which were not addressed to him. The Constitution does not require that a prison or jail provide a grievance procedure or that government employees respond to grievances. *Jones v. Brown*, 300 F. Supp. 2nd 674, 679 (N.D. Ind. 2003) ("[T]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance.") Neither does the Constitution prohibit a person from responding to a grievance directed to another. Therefore this claim will be dismissed.

III.

Mr. Dungey alleges that being placed in a cell with a mentally ill inmate threatened his safety and security. Mr. Dungey does not allege and, on the basis of this complaint, it would not be

2

reasonable to infer that Mr. Dungey was injured by this other inmate. Fear of an attack that never occurs does not state a claim for damages. *Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997). Therefore this claim will be dismissed.

IV.

Mr. Dungey alleges that he was placed in a two person cell with two other inmates. Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, *id*. at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971). Being celled with two other inmates, although undoubtedly inconvenient, uncomfortable, and unpleasant, did not deny him the minimal civilized measure of life's necessities and it did not violate his Constitutional rights. Therefore these claims will be dismissed.

V.

Mr. Dungey alleges that he was placed in solitary confinement even though he had not violated any disciplinary policy. Pre-trial detainees may not be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). A pre-trial detainee is entitled to the procedural protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974), before imposition of punishment for a disciplinary infraction. Nevertheless not every placement of a pre-trial detainee in segregation constitutes punishment, and the segregation of a pre-trial detainee for legitimate security reasons without a hearing does not violate due process. *Zarnes v. Rhodes*, 64 F.3d 285, 291 n.5 (7th Cir. 1995). Giving him the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, this states a claim.

VI.

Mr. Dungey alleges that he is being denied the right to practice his religion because he was denied a no pork diet. The Religious Land Use and Institutionalized Persons Act (RLUIPA) provides that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
>   (1) is in furtherance of a compelling governmental interest; and
>   (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). The statute does not define substantial burden, but in a case interpreting the land use provisions of RLUIPA, the Seventh Circuit has stated that

> a substantial burden on religious exercise is one that necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise . . . effectively impracticable.

*Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003). The statute defines religious exercise to "include any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7). Nevertheless, a substantial burden may be justified if it is the least restrictive means of furthering a compelling governmental interest.

> We do not read RLUIPA to elevate accommodation of religious observances over an institution's need to maintain order and safety. Our decisions indicate that an accommodation must be measured so that it does not override other significant interests.
> 
> . . .
> 
> Lawmakers supporting RLUIPA were mindful of the urgency of discipline, order, safety, and security in penal institutions. They anticipated that courts would apply the Act's standard with due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.

*Cutter v. Wilkinson*, ___ U.S. ___, ___; 125 S. Ct. 2113, ____ (2005).

Mr. Dungey is alleging that Cpl. Moore placed a substantial, unnecessary burden on the practice of his religion when he was served pork "about every other day." Complaint at 3, DE 5. Abstaining from pork may not be compelled by or central to Mr. Dungey's system of religious belief, but he alleges that it is a part of his exercise of religion. That is to say that abstaining from pork is a part of the way Mr. Dungey practices and expresses his religious beliefs. Therefore, abstaining from pork is a religious exercise. Serving him pork appears to be directly, primarily, and fundamentally responsible for rendering that religious exercise effectively impracticable. Therefore, serving him pork was a substantial burden on his religious exercise of abstaining from pork and he will be granted leave to proceed on this claim.

5

VII.

Mr. Dungey alleges that while in solitary confinement he is denied one hour out of cell exercise and a daily shower. He also alleges that he is denied contact with his family and legal assistance. If cause did not exist to justify placing Mr. Dungey in solitary, then these restrictions may be a part of his damages claim for having been denied due process. If cause did exist to justify placing him in solitary confinement, even though he was denied due process, then they may not be used as a part of his measure of damages. *See Akbar v. Fairman*, 788 F.2d 1273, 1277-78 (7th Cir. 1986).

Nevertheless, none of these restrictions independently state a claim.

> Lack of exercise may certainly rise to a constitutional violation. Where movement is denied and muscles are allowed to atrophy, the health of the individual is threatened and the state's constitutional obligation is compromised.

*French v. Owens*, 777 F.2d 1250 (7th Cir. 1985) *cert. denied*, 479 U.S. 817 (1986). Mr. Dungey does not allege and, on the basis of this complaint, it would not be reasonable to infer that his health has been damaged by a lack of out of cell exercise. Though Mr. Dungey may find it unpleasant, the denial of access to a daily shower does not deny him the minimal civilized measure of life's necessities.

There is no "abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "[A] plaintiff must demonstrate that state action hindered his or her efforts to pursue a nonfrivolous legal claim and that consequently the plaintiff suffered some actual concrete injury." *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000). Mr. Dungey does not allege and, on the basis of the

complaint, it would not be reasonable to infer, that he suffered any actual injury. Therefore these claims will be dismissed.

## VIII.

Mr. Dungey alleges that being in solitary confinement denied him contact with his religion. If cause did not exist to justify placing Mr. Dungey in solitary confinement, then this restriction may be a part of his damages claim for having been denied due process. If cause did exist to justify placing him in solitary confinement even though he was denied due process, then it may not be used as a part of his measure of damages. *See Akbar v. Fairman*, 788 F.2d 1273, 1277-78 (7th Cir. 1986). Additionally, this states a claim under RLUIPA.

## IX.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Cpl. Bradley Moore in his individual capacity for monetary damages on his Fourteenth Amendment claim for ordering that he be placed in solitary confinement as punishment without due process;

(2) **GRANTS** the plaintiff leave to proceed against Cpl. Bradley Moore in his individual capacity for monetary damages on his RLUIPA claim that he denied him a no pork diet;

(3) **GRANTS** the plaintiff leave to proceed against Cpl. Bradley Moore in his individual capacity for monetary damages on his RLUIPA claim that he denied him contact with his religion while in solitary confinement;

(4) **DISMISSES** all other claims;

(5) **DISMISSES** Sheriff Oatess A. Archey;

(6) **DIRECTS** the clerk to transmit the summons and USM-285 for Cpl. Bradley Moore to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(7) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Cpl. Bradley Moore; and

(8) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Cpl. Bradley Moore respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 24, 2005.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT